81  473
97  502

SCHOOL DISTRICT No. 1 *et al.*, *Appellants*, v. RHOADS.

1. **School Tax:** RAILROADS. Under the act of 1877, (Laws 1877, § 1, p. 365, Laws 1875, § 1, p. 129, amended,) the fund arising from the taxation of railroads goes exclusively to the school districts in the townships only when such townships have made valid subscriptions to the railroads. When no such subscriptions have been made by the townships, the fund is distributed ratably among all the districts of the county, except that the taxes arising from land, depots, workshops and other buildings, belonging to the railroads, shall go to the districts in which such property is situated.

2. **The Court** in this case properly found for the respondent, and dismissed the proceeding.

*Appeal from Wayne Circuit Court.*—HON. R. P. OWEN, Judge.

AFFIRMED.

*C. D. Yancy* with *Smith & Krauthoff* for appellants.

This cause should be reversed, because of the refusal of the court to separate the funds which arose from the taxation of the lands, depots, workshops and other buildings, from such other funds as arose from the taxation of the road-bed, rolling-stock and movable property. Laws 1875, p. 129; Laws 1877, p. 365; R. S. 1879, § 6880; Laws 1883, p. 155.

*Nalle & Edwards* for respondent.

This cause should be affirmed upon the authority of *School District No. 1 v. Weber,* 75 Mo. 558, 559, which fully settles the law of the case.

PHILIPS, C.—This is a proceeding by mandamus, instituted in the Wayne circuit court, against the county clerk to compel the apportionment of certain moneys among the relators as school districts, which moneys are alleged to have arisen from taxation of the road-bed, rolling-stock and movable property, and from the lands, depots, workshops and other buildings, belonging to the St. Louis, Iron Mountain & Southern Railway Company, running through and situate in said school districts. The said districts do not compose all the school districts in said county.

The petition discloses the fact that for the year 1877 the taxes levied on and collected from the railroad property in said county, for the benefit of the schools therein, amounted to $1,726.16, which sum was paid into the treasury of said county, and was waiting the proper order of distribution among the districts. The petition further averred that neither the said county, nor any of the town-

ships, cities or towns of the county, had ever made any subscription of money to or in any wise aided in the construction of said railroad to, or through the county, and that no property therein had ever been assessed or taxed to pay any such subscription to the capital stock of said road or otherwise. The complaint made of the respondent, the county clerk, is, that in disregard of his duties and the law in that behalf, he threatens and is about to proceed to apportion and distribute the said moneys " to and among all the districts in the county, as well amongst those districts through which said railway runs and wherein the property thereof is situated, as amongst those other districts off the line of said railway and remote therefrom, thereby designing and intending to divert unlawfully, fraudulently and wrongfully the moneys arising from the special taxation of property situated solely within said districts, relators herein, to the use and benefit of strangers, districts wherein no part of the property taxed is situated, contrary to the constitution of the State and the statute in such case made and provided." The prayer of the petition is to have the respondent distribute the whole of said fund among the relators, in the proportion shown by the petition.

To the temporary writ granted on this petition the respondent made return, raising issues as to the sufficiency of the allegations of the writ, as also touching his custody of the said funds, also, as to the character of the funds held by the treasurer. The return then proceeded as follows :

6th. The respondent further states that it is not his duty to distribute the funds described in said writ and said petition of relators, in the manner alleged, or that said relators are entitled to have school funds obtained as alleged distributed as alleged; but avers the truth to be that such school funds derived from the alleged source, are distributable and apportionable in manner following: The county clerk should apportion the said school taxes so levied and collected among all the school districts in his county, in proportion to the enumeration of each district, *provided* that all lands,

workshops, depots and other buildings belonging to said railway company which lie in any school district, the school taxes thereon shall go to the district in which such lands, depots, workshops or buildings are situated; and that only to the exception stated, the said school taxes, so derived, are apportioned to all of the school districts in the county.

7th.   Respondent further states that he will, *provided* the funds alleged are school taxes derived from the alleged source, and do not include taxes derived from lands, workshops, depots and other buildings belonging to the alleged railway situated in particular districts, distribute and apportion the alleged, and all school taxes so derived, among all the school districts in said Wayne county in proportion to the enumeration returns of each said district.   Respondent further says that he has no knowledge or information of or concerning the alleged school tax, or how the same, or any part thereof, was levied and collected, or as to whether the same, or any part thereof, was derived from lands, workshops and other buildings situated in either of the complaining districts, relators herein.

8th.   Respondent further returns and answers, by denying each and every allegation, averment, statement and fact, material and immaterial, contained in said writ and petition of relators not hereinbefore admitted in express terms and by implication.

At the hearing of the case the following agreed statement of facts was submitted:

"1st.   That the several districts, relators herein, are now and were at the time of the assessment, levying and collection of the taxes upon the taxable property of the St. L., I. M. & S. Ry. Co., within Wayne county, Missouri, and the districts, relators herein, referred to in the pleadings herein, and in this controversy involved, each and every of them, were bodies politic and corporate, duly created and existing under the laws of the State of Missouri.

2nd.   That the St. L., I. M. & S. Ry. Co. passes through the said school districts, relators herein.

3rd. That the sum of money in controversy herein, arose from the taxation of the road-bed, rolling stock and movable property, and from the lands, depots, workshops and other buildings, the property of the St. L., I. M. & S. Ry. Co., situate in said districts, relators herein, for the year 1877.

4th. That the said St. L., I. M. & S. Ry. Co. is a body politic and corporate duly existing under the laws of the State, and that said corporation was, at the time aforesaid, and now is the owner of the road-bed, rolling-stock and movable property, and of the lands, depots, workshops and other buildings, held, used and occupied by said corporation in Wayne county, and in the said several school districts aforesaid, relators herein.

5th. That the respondent was and now is the clerk of the county court of Wayne county, Missouri, duly commissioned and qualified to act as such.

6th. That the sum of money in this controversy involved, is now in the treasury of Wayne county, Missouri, and subject to apportionment amongst the several school districts entitled thereto as provided by law."

Upon this state of facts the court refused to make the writ perpetual, and dismissed the proceeding. The relators have appealed to this court.

I. It is obvious, both from the petition and argument of appellants, that this proceeding was based on the assumption that under the statute applicable to the case, the whole fund, arising from the taxation of railroads for school purposes should be distributed solely to the school districts through which the road runs. If this be the correct construction of the statute the circuit court erred in denying the continuance of the peremptory writ. The acts pertinent to this case are to be found in the Laws of Missouri, 1875, page 129, section 1, as amended by the act of 1877, Laws of Missouri 1877, p. 365, section 1. The palpable meaning of these acts is, that the fund arising from the taxation of railroads goes exclusively to the townships, etc.,

only when such preferred townships, etc., have made valid subscriptions, etc., to the railroads. Where, as in this case, no such subscription has been made by the townships, the fund is distributed among all the districts of the county ratably, with the exception that the taxes arising from the lands, depots, workshops and other buildings belonging to the railroad "shall go to the district in which such lands, depots, etc., are situate." Since writing the foregoing my attention has been called to the case entitled " *In the Matter of the Apportionment of the Railroad School Tax in Caldwell County*," 78 Mo. 596. This decision is in harmony with the conclusion I have reached.

II.     But appellant contends that notwithstanding this construction be proper, nevertheless the circuit court erred " because of its refusal to separate the funds which arose from the taxation of lands, depots, etc., from such other funds which arose from the taxation of the road-bed, rolling-stock and movable property. This is followed by the assertion that " the court ordered this money (arising from the lands, etc.) distributed among the outlying districts off the railway." This, we think, is a misconception, both as to issue tendered by the pleadings, and the effect of the judgment of the court. The evident object, as already stated, of this proceeding was to compel the clerk to distribute the whole fund arising from both sources to the school districts penetrated by the road. The answer of the respondent tendered the issue that this was not the legal way for the distribution of this fund; but declared the willingness of the respondent to distribute according to the statute, as we have interpreted the same. He is not, therefore in default. The court, on the issue made by the pleadings, found for the respondent, denying a further continuance of the writ; and simply " adjudged that a peremptory writ of mandamus be refused, and that defendant recover of said relators his costs," etc. The court made no order in respect to paying over the fund, but left the clerk to pursue the law. There is nothing in this record to justify the

inference that the clerk proposes to distribute the taxes arising from the railroad lands, depots, etc., among districts other than those in which such real estate is situate.

The judgment of the circuit court should, therefore, be affirmed. All concur.